JUDGE COPER
DELIVERED THE OPINION ON THE COURT.
The appellant filed this petition against the appellee, who is her husband, alleging that he has been unfortunate in business and is insolvent; that she has three children dependent upon her for support; that she is able and can make a living for herself and children if empowered to use, enjoy, sell, and convey for her own benefit the property she now owns or may hereafter acquire free from the claim or debts of her husband, and to make contracts, sue and be sued, and dispose of her property by deed or will; and that the application is not made to defraud her husband’s creditors.
The appellee filed an answer admitting the allegations of the petition.
Two affidavits were filed, in which the affiants state in substance that they are well acquainted with both the husband and wife, and that the husband, in his embarrassed and crippled financial condition, has been unable and has failed to make sufficient provision for the maintenance of his wife and his and her children; that the appellant is a woman of good business capacity, and able to engage in business and make a living for herself and family should she be empowered to trade as a feme sole; and that, being well acquainted with both husband and wife, they are satisfied that her application is not made with the intention to cheat, hinder, or delay the creditors of the husband, and that his creditors will not be injured by granting to her the relief prayed for.
The court below dismissed the petition, and Mrs. Moran has appealed.
Section 6, article 2, chapter 52, General Statutes, reads as follows, viz.: “ On the joint petition of husband and wife, or on the petition of the wife, the husband being made a party thereto, filed in the circuit court in the county of her residence, and on satisfactory evidence, the court may empower the wife to use, enjoy, sell, and convey, for her own benefit, *303 any property she may own or acquire, free from the claim or debts of her husband; or to make contracts, sue and be sued, as a single woman, or to trade in her own name; or dispose of her property by will or deed; either one or more or all of the powers herein enumerated may be granted, . . . and before rendering such judgment the court shall be satisfied that the application is not made by either husband or wife with the intent to cheat, hinder, or delay the creditors of the husband, and that his creditors will not be injured.”
It is not shown that Mrs. Moran has any estate now or in expectancy, or that she has any trade or vocation in the pursuit of which she can engage, and the only ground upon which she bases her application is the insolvency of her husband.
The statute does not specify the grounds upon which this extraordinary power may be conferred upon married women, but says the court may confer it “on satisfactory evidence,” which we understand to mean upon satisfactory evidence of the necessity and propriety of doing so, and we do not regard the simple fact that the husband is insolvent as showing that it is either necessary or proper that his wife should be empowered to trade as a single woman.
The learned judge below was not satisfied, nor are we, that this application was not made with the intent to hinder and delay the husband’s creditors, or that they would not be injured by granting the relief sought.
The insolvency of the husband does not disable him to support his family, and our liberal exemption laws secure to him against his creditors all that is necessary for reasonably comfortable living, and all that he may be able to earn beyond the exemptions should go to his creditors; and the court ought not, by conferring upon his wife the power to trade as feme sole, to give him an opportunity, by acting as agent for her, to place his own earnings beyond their reach.
To confer upon a married woman the power to trade as if *304 she were sole upon the single ground that her husband is insolvent, and that, too, when she has no estate and no trade or calling enabling her to earn money, would open a wide door for fraud, is forbidden by public policy, and is not demanded by a fair and reasonable construction of the statute.
Judgment affirmed.