JUDGE HINES
deliveeed the opinion of the court.
Appellant, a married woman, claiming tbe right by virtue of a decree of the Louisville Chancery Court, rendered February 10, 1871, to trade as a feme sole, brought this action against appellees on the official bond of the sheriff to recover damages for the seizure of certain personal property. The property was taken under an order of delivery issued in the *765 action of Lane &. Bartlett v. W. B. Mann, husband of appellant, and designated as belonging to the defendant in that action. Before the execution of the order by the sheriff, appellant caused to be delivered to him the following affidavit :
“ V. N. Mann being duly sworn says that she, by order and decree of the Louisville Chancery Court, is entitled *to trade as a feme sole, and that she is the owner and the joint owner, and is in possession of the- following goods and chattels in her own right, viz. (enumerating the property); that she has acquired the said property since the decree authorizing her to trade as a feme sole. She further says that she acquired the foregoing property and rightfully became entitled to the possession thereof while a copartner with the plaintiffs Lane & Bartlett. She further says that said copartnership has not been dissolved, and that the accounts of the same remain unadjusted and unsettled, and that the said co-partnership concern is indebted to her justly in an amount equal to the whole value of said goods for her share in the earnings and profits of said concern, and that her said co-partners Lane & Bartlett have had and received from said business in manufactured tobacco more than their proportion and share thereof, and that if said partnership accounts shall be properly adjusted and settled, the said Lane & Bartlett are indebted to her on said account in a sum greater than their interest in the foregoing schedule of partnership goods belonging jointly to said affiant and the said Lane & Bartlett. She further says that all the machinery or appliances for manufacturing tobacco in the foregoing ■ schedule are her individual property, in which said Lane & Bartlett have no interest or claim whatever, and that the costs of the same have been duly and regularly charged to her on the partnership books, and that she has brought suit in the Louisville Chancery Court against said Lane &, Bartlett for settlement *766 of said partnership accounts, and which said suit is now impending.”
On the trial the record of the proceeding, in which appellant was empowered to trade as a feme sole, and the above-mentioned affidavit and oral testimony, tending to show that the property belonged to appellant, were offered in evidence; whereupon the court gave a peremptory instruction to find for appellees, and from the judgment entered on the finding thus obtained this appeal is taken.
It is insisted that the decree under which appellant asserts the right to trade as a single woman is void, first, because there is no order of court designating the newspaper in which the notice of the application should be published; and second, because the evidence of the fact r.f publication is not such as is required by the statute.
Section 2 of the act of' February 14, 1866, as amended February, 1870, reads: “The court shall have no jurisdiction to make any such order or decree as provided in the first section, until notice of the filing of the petition and object thereof shall be published at least ten days in a newspaper designated by the court, or the clerk thereof in vacation, and a copy of the notice and proof of publication shall be filed in the action, etc.”
A copy of what purports to be the notice required by the act, accompanied by the unsworn certificate of the book-keeper that it had been published in the Courier-Journal ten days, is the only evidence of publication shown by the record. Is this any “ proof” of publication, and in the absence of such proof, is the decree void? Appellees’ counsel insist that the Code and statutes recognize only three methods of introducing legal evidence in such cases: first, by deposition; second, by affidavit; and third, by oral examination under oath. Conceding this, does it follow that a decree based upon incompetent evidence is, for that reason alone, void? Jurisdiction to render *767 the decree appears to depend upon the fact of publication, rather than upon the manner of proving it. No jurisdiction attaches until publication is made, but the manner in which that fact is to appear to the court is not, in terms, prescribed. It is required only that “ proof of publication shall be filed in the action.” In case of publication as required by the act, which is not questioned here, the jurisdiction to render the decree attaches instantly, and the failure to file in the action the pi'oof of such publication would simply be error, but not of such a character as to justify it as being treated as a nullity in a collateral proceeding. (Hart v. Grigsby, ante p. 542, and Dunn v. Shearer, ante p. 574.)
The failure of the court by order to designate the paper in which the publication should be made can not, either under the letter or the spirit of the act, affect the question of jurisdiction. The action of the court in basing the decree upon the publication as made is conclusive of the question. That there is good reason in the requirement of the law, that the court shall designate the paper in which the publication is to be made, can not be questioned, but the end is equally as well answered when the approval of the court comes after the publication.
Although erroneous, we are clearly of the opinion that the decree of the Louisville Chancery Court conferring power upon appellant to trade as a feme sole is not void.
It is further insisted that appellant has no right to recover, because the affidavit heretofore mentioned does not comply with the requirements of section 218 of Myers’s Code, because of its failure to state that appellant was entitled to the possession of the property taken under the order of delivery. That section reads:
“ If another person than the defendant or his agent claims the property taken by the sheriff, and delivers to the sheriff his affidavit that he is entitled to the possession thereof, the *768 sheriff shall not be bound to keep it, or deliver it to the plaintiff, unless he shall, within two days after the delivery to him or to his agent or attorney, by the sheriff, of a copy of the affidavit, indemnify the sheriff against the claim by bond executed by one or more sureties, in double the value of the property. No claim to such property by any other person than the defendant or his agent shall be valid against the sheriff unless so made. He shall return the affidavit of the claimant, with his proceedings thereon, to the clerk’s office.”
This view is, we think, erroneous, for the reason that the section quoted applies only to property in the possession of the defendant in the order or writ.
The evidence tended to establish the fact that at least a portion of the property in controversy belonged to appellant in her own right, and that she, and not the defendant W. B. Mann, was in actual possession thereof at the time of the seizure. To that extent the section quoted does not apply. One owning and in possession of personal property is not required to give any notice to the sheriff as to the right of possession. It would be an idle and useless formality. If he takes under such circumstances, he does it at his own peril. Section 216 of the Civil Code of New York, which is in substance the same as section 218 of Myers’s Code, has been frequently construed as indicated here. (King v. Osser, 4 Duer; Shipman v. Clark, 4 Denio; Foster v. Pettibone, 20 Barb.)
The question of the ownership of the property in controversy should have been submitted to the jury under proper instructions.'
Wherefore the judgment is reversed, and cause remanded with directions for further proceedings consistent with this opinion.