CASE 103—EQUITY—OCTOBER 8, 1881.

# Franklin, ex parte.

| 79 | 497 |
| 88 | 463 |
| 79 | 497 |
| 92 | 157 |

### APPEAL FROM MADISON CIRCUIT COURT.

1. Before a married woman can successfully demand the power to trade and do business as a *feme sole*, it must appear either that she has property, or a trade, calling, employment, or business, by which she can acquire property that calls for protection, under which she may enjoy the benefits of the one and the fruits of the other.

2. The statute was enacted not for the benefit of certain classes of married women, but for all alike.

C. F. & A. R. BURNAM FOR APPELLANT.

1. The word "may" used in the statute, is not infrequently equivalent to "shall." Sometimes it is permissive, sometimes directory. "It means shall when the public or individuals have a claim *de jure* that the power shall be exercised." (5 Johnson's Ch'y, 113; 5 Conn., 188; 22 Barb., 104; Story's Conflict of Laws, 17.)

2. When appellant made out her case, the court had no discretion, and should have granted the power. (Moran v. Moran, 12 Bush, 302.)

JNO. BENNETT AND R. MASON *contra*.

Appellant has set forth no material advantages that would accrue to her, nor any necessity for asking for power to trade as a *feme sole*. We rely upon the case of Moran v. Moran, 12 Bush, 301, as in point. The interest of the husband's creditors forbids that the power should be conferred.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

Elizabeth Franklin and her husband filed a joint petition, praying the circuit court to empower her to use, enjoy, sell, and convey her property for her own benefit, make contracts, trade in her own name, sue and be sued as a single woman, and dispose of her property by deed or will.

It is alleged and proven that she owns 72 acres of land, willed to her by her grandfather, and twenty other acres which she purchased, and some personal property, and that her husband is insolvent. The witnesses state that she is

well qualified to exercise the power which she seeks to have conferred upon her, and that they do not believe his creditors will be hindered or injured by the grant thereof.

The appellants' petition was dismissed, and they have appealed.

We do not think the case of Moran v. Moran, 12 Bush, 302, sustains the judgment. In that case the *insolvency* of the husband was the only ground upon which the application was made, and, in closing the opinion, the fact that the *feme* had no property, trade or calling, enabling her to earn money, was so emphasized as to indicate, had she possessed either, that would have been sufficient.

But it was not shown how the grant of such power could benefit or protect Mrs. Moran, and she was, therefore, properly denied the power which was idly sought, or might, if granted, have been perverted to the injury of her husband's creditors.

The purpose of the statute was to deny such applications, and avoid such results, and to provide a mode of protecting the property or acquisitions of the wife against the claim or debts of her husband.

But before she can successfully demand the power, it must appear that she either has property or a trade, calling, employment, or business by which she can acquire property that calls for the protection under which she may enjoy the benefits of the one and the fruits of the other.

The appellant has furnished satisfactory evidence of her ownership of the property named, and of her capacity to manage it; and there is no evidence whatever that the application is made upon the part of either to cheat, hinder, delay, or injure his creditors.

But it is suggested that to grant her the power will have that effect. How such a result can follow we are unable to comprehend, for no creditor of his can, either legally or equitably, reach her real estate or its rents, and appropriate them to the payment of his debts, unless the rents and profits of her lands were so increased by his labor or means as to exceed the necessities or comfort of the family; and in that case the excess which is traceable to his labor or means could be subjected to his debts after as well as before she is empowered to trade, &c., as an unmarried woman.

And we do not agree with the construction that the statute was enacted only for the benefit of certain classes of married women, and not for the wives of farmers. The law is applicable to all women alike.

Wherefore, the judgment is reversed, and cause remanded for judgment in conformity to this opinion.