CASE 39—SHERIFF'S BOND—OCTOBER 4, 1884.

# Mann v. Martin's Adm'r, &c.

APPEAL FROM JEFFERSON COMMON PLEAS COURT.

1. In an action upon a sheriff's bond, it is necessary to set out the covenants of the bond, and to state the breach relied upon by the plaintiff.

2. It was competent to show, by parol evidence that the person who seized the property was in the habit of receiving and executing process with the knowledge, authority and direction of the sheriff.

3. A record of a judgment in a suit by appellant against a party other than the sheriff, is not competent evidence either to prove ownership of property or for any other purpose in this action.

4. The court should have permitted appellant to file the first paragraph of his amended petition averring that the person who seized the property was acting as deputy of the sheriff, Martin, by his authority.

M. MUNDAY, R. B. HAWKINS AND J. W. MAVITY FOR APPELLANT.

1. It was clearly competent to prove by parol that the person who seized appellant's property was recognized by the sheriff as his deputy, and that the person had frequently executed process by the direction and authority of the sheriff. (Grayble v. Froman, A. K. Mar., 191.)

2. Appellee, having acted upon the notes and affidavit of appellant in demanding indemnity, is estopped from denying the sufficiency of the affidavit. (Section 218, Myers' Code.)

C. B. SEYMOUR, JNO. W. McGEE AND ALEX. WILEY FOR APPELLEES.

1. If appellant has no just claim to the property in contest, she can have no claim to damages against the sheriff for taking it. (Civil Code, Section 218.)

2. The affidavit nowhere states that the appellant was entitled to the possession of the property.

3. The court properly refused to permit appellant to file the amended petition offered. When issue was joined with her upon her allegation that she had the right to sue by reason of a judgment of the Louisville Chancery Court and proof had been taken, it was then too late for her to set up a matter which she might have presented at any time after the first issue joined.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Mrs. V. R. Mann, brought this action against the administrator of John Martin, Sr., deceased,

.and the sureties of said decedent, upon his official bond .as sheriff, for damages for the alleged wrongful seizure of her property by his alleged deputy, under an order of delivery that was issued in a suit of Lane & Bartlett against her husband, Wm. B. Mann.

Two trials have been had in the lower court, and the case has been once in this court.

Upon the first trial below, the court was of the opinion that the appellant could not maintain the action, because, in its opinion, the judgment of the Louisville Chancery Court, making her a *feme sole*, was void ; and for the further reason, that although when the property was seized and taken out of her possession, she had ·delivered to the sheriff an affidavit, stating that the property belonged to her, and was in her possession, yet she had failed to state therein that she was entitled to the possession. (Civil Code, section 191.)

This court, upon appeal, decided otherwise upon both points, as will be seen by reference to Mann v. Martin's Adm'r, &c., 14 Bush, 763.

Upon the return of the cause, the defendants were permitted to file an amended answer, in which it was .averred that the alleged deputy, who had seized the property, had never been legally appointed and had never qualified as such, and it being so shown upon the second trial, the court below peremptorily instructed the jury to find for the defendants, and the appellant now seeks a reversal of the verdict and judgment so obtained.

The action is in tort ; and, although the personal representative of the deceased sheriff and the sureties .upon his official bond are the persons sued, yet the

petition fails to ·set out the covenants of the bond or·
any breach of them, and it is not shown that any of the·
sureties aided, abetted or approved the seizure of the
property, nor is it so alleged in the pleadings of the
plaintiff. Inasmuch as the obligors in the bond are the·
persons sued, it was doubtless the intention to sue upon
it, and the action, at least to some extent, seems to have
been so regarded and treated. In fact this court, upon
the former appeal, so spoke of it; but no questions
were then raised or decided, save the two alluded to·
above.

It necessarily results from what has been said, that
the judgment below was proper as to the defendants,
who were sureties upon the sheriff's bond.

This, however, does not hold true as to the sheriff.
During the trial below, and after the testimony had
developed the fact that the person who had seized the
property was neither a legal deputy of the sheriff nor
a special bailiff, the plaintiff offered to file an amended
petition, the first clause of which alleged that such per-
son was acting as deputy by the authority and direc-
tion of the sheriff, John Martin, Sr., and so acted in
executing the writ under which the property claimed
by the appellant was seized. The court rejected it.· In
view of the fact that after the return of the cause from
this court, the trial judge had permitted the defendants,
over the objection of the plaintiff, to file the amended
answer, alleging that the person who had seized the
property was not a deputy, he should, in the exercise
of a sound discretion, have permitted the first para-
graph or clause òf the amended petition to be filed.

The testimony already offered, tended to show that

the person who had seized the alleged property of the appellant, was in the habit of receiving and executing process with the knowledge of the sheriff, and in fact by his authority and direction, and had general authority from him to do so.

It was competent to show this, and that the person who seized the property, acted as a deputy, by parol (Grayble v. Froman, 1 A. K. M., 140); and the sheriff, by such consent and action upon his part, made such person, in contemplation of law, his representative—became an actor in the transaction; and if the appellant illegally sustained damage thereby, said sheriff was, and his estate is, responsible; and this view of the case, with the question as to the ownership of the property, should have been submitted to the jury by proper instructions.

As the case must be tried again, it is proper to determine a question of evidence.

Upon the trial below, the appellant offered as evidence the judgment in the case of Lane & Bartlett against her husband, Wm. B. Mann, and to which she was a party, and by which the property that had been seized by the acting deputy sheriff was adjudged to belong to her. The appellees were not parties or privies to said suit; and the objection to the judgment as evidence in this cause was, that it was *res inter alios acta*.

Obviously the general rule, that one ought not to be bound by a proceeding to which he is a stranger, is correct; but there are exceptions to it, as when a judgment is used in evidence by way of *inducement*, or to establish a *collateral* fact; thus, a judgment against a sheriff for the misconduct of a deputy may be used as evidence

by the sheriff in an action by him against the deputy as to the same transaction, to show that there was a judgment, and for the cause alleged ; but it can not be used as evidence to show the misconduct of the deputy. (1 Greenleaf on Evidence, section 527.)

But in this instance the judgment was offered not simply to show that there was one, but for the purpose of proving ulterior facts, to wit: The alleged ownership of the appellant of the property and its value. It was, therefore, not competent testimony, and the lower court properly excluded it.

The judgment is affirmed as to all of the appellees save John M. Martin, administrator of John Martin, Sr., as to whom it is reversed and cause remanded for a new trial upon principles consistent with this opinion.