CASE 72—PETITIONS EQUITY—APRIL 20.

# Sypert v. Harrison, &c.

# Sypert v. Harrison, Guardian, &c.

APPEALS FROM CHRISTIAN CIRCUIT COURT.

1. MARRIED WOMEN—DECREE TO TRADE AS FEME SOLE—JURISDICTION.— In a proceeding by a married woman seeking a decree empowering her to trade as a *feme sole*, publication of the notice required by the statute is the necessary jurisdictional fact; and the notice being published, the fact that the judgment was rendered upon insufficient pleading or evidence does not render it void.

2. SAME.—Under such a judgment, a married woman can bind herself in all respects as if she were unmarried, and, therefore, can become surety for her husband.

3. SAME.—Such a decree can not be declared void upon the ground that the wife did not understand the full force and effect of it, especially where third parties have given her credit upon the faith of it.

4. SURETIES—CONSIDERATION.— A surety in a note executed for borrowed money was bound, although the principal had received the money some time before the execution of the note by the surety, it being a condition of the loan that the surety should sign the note. It being all one transaction, no new consideration was necessary.

Sypert v. Harrison, &c.   Sypert v. Harrison, Guardian, &c.

5. PRACTICE.—Although appellee had no lien for her debt, yet as the property had to be sold to satisfy the debts of creditors who did have liens, it was not error to direct the payment of appellee's debts out of the balance of the proceeds after satisfying the liens.

LANDES & CLARK FOR APPELLANT.

1. The *ex-parte* proceedings relied upon as conferring upon appellant the rights and powers of a single woman are not sufficient for that purpose, as the record fails to show the state of facts, either by allegation or proof, which the statute requires. (General Statutes, chapter 52, article 2, section 6; Moran v. Moran, 12 Bush, 301; Franklin, *ex-parte*, 79 Ky., 497; Small v. Small, 2 Bush, 45.)

The attack which the appellant makes upon these proceedings is not *collateral*, but *direct*.

2. Even if the personal judgment can be sustained, it was error to adjudge that Mrs. Harrison was entitled to a lien, as no lien was in any manner created.

3. As the $2,000 note was executed by appellant after the money had been borrowed and received by her husband, and she was merely surety, there was no consideration for her contract. (United States v. Linn, &c., 15 Pet., 290.)

E. P. CAMPBELL AND EDWARD W. HINES 'FOR APPELLEE,' THERESA HARRISON.

1. Appellant can not escape the effect of the decree making her a *feme sole*, unless it is void.

2. That decree is not void. All that is necessary to give jurisdiction to render such a judgment is the filing of a petition asking the relief and the publication of notice. (General Statutes, chapter 52, article 2, section 7; Hart v. Grigsby, 14 Bush, 553; Mann v. Martin's adm'r, *Idem*, 766.)

3. Such a decree empowers the wife to bind herself in any way that an unmarried woman can, and, therefore, she may bind herself as surety for her husband. (Hart v. Grigsby, 14 Bush, 553; Dunn's Ex'rs v. Shearer, *Idem*, 577.)

4. Such a decree can not be declared void because the wife did not understand the full force and effect of the decree, and in any event she is estopped to deny its validity after exercising the rights and powers which it purports to confer.

5. As appellee let appellant's husband have the $2,000 upon the faith of his promise that appellant would execute her note therefor, the husband was not entitled to the money, but held it in trust for appellee until the note was executed, and, therefore, there was a sufficient consideration for appellant's contract.

Sypert v. Harrison, &c.   Sypert v. Harrison, Guardian, &c.

6. Whether or not Mrs. Harrison was entitled to a lien, it was proper to
direct the payment of her debts out of the proceeds of the property
which had to be sold to satisfy other liens.

C. H. BUSH FOR APPELLEE, B. W. CRABTREE.

The proceeding in which the judgment empowering appellant to contract as
a single woman was rendered was a substantial compliance with the
statute (General Statutes, chapter 52, article 6), and appellant, after
exercising the rights and powers conferred by that judgment, is
estopped to deny its validity.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, Martha D. Sypert, was made a *feme sole*
in 1874 by the judgment of a court of competent juris-
diction. All the rights, powers and privileges named in
section 6, article 2, chapter 52 of the General Statutes.
were thereby conferred upon her. This included the
power to contract, sue and be sued.

She now complains because the judgment in these con-
solidated actions makes her personally liable upon the
obligations upon which it is based. Being now a married
woman, and having been such when they were created,
no personal judgment could have been rendered against
her, unless by virtue of the power above named. She
claims that the judgment conferring it was void. The
notes sued upon were executed by her subsequent thereto.

It was held in the cases of Moran v. Moran, 12 Bush,
301, and Franklin *ex parte*, 79 Ky., 497, that a married
woman can not be empowered to act as a *feme sole* un-
less it be made to appear either that she has property or
a trade or business requiring it for her proper protection.

In this instance no such fact was stated in pleading or
shown by proof. This failure did not, however, render
the judgment void, but only erroneous. The jurisdiction.

did not depend upon such fact being stated and shown, but upon proper notice being given of the proceeding.

The section of the statute following the one above cited provides: "The court shall not have jurisdiction to render such judgment until notice of the filing of the petition and object thereof shall be published at least ten days in a newspaper designated by the court, or clerk thereof in vacation. In counties where no newspaper is published the clerk of the circuit court shall give twenty days' notice, by three written posters, posted in three of the most public places in the county."

The publication is the necessary jurisdictional fact. (Mann v. Martin, adm'r, &c., 14 Bush, 763.) In this instance the notice was properly given; and the fact that the judgment was rendered upon insufficient pleading or evidence did not render it void. This being so, it can not be questioned in this independent proceeding; and this is true, although it was necessary for the appellees to aver, and, if denied, show that the appellant had been made a *feme sole* in order to obtain judgment *in personam*.

She claims that she did not understand the force and effect of the judgment giving her the rights of a single woman, and that, in all she had to do with it, she acted under the direction of her husband. This is, perhaps, true. She doubtless was guided by his advice, and the more especially as he is a lawyer. This is likely true, also, as to the execution of the notes of the appellees, but legal duress is not shown as to either.

A decree making the wife a *feme sole* can not be declared void upon the ground that she did not understand

the full force and effect of it, and especially where, by her own action, based upon the power and rights thereby conferred, the interests of third parties have become involved, and they induced to give credit to her upon the strength of it. It could at most only furnish ground to thenceforth annul the privilege. She can not be permitted to rely upon her ignorance of the effect of what she has thus willingly done as a ground to avoid her contracts.

In this instance the wife never raised any complaint for over ten years after she was made a *feme· sole*. In the meantime she, in various ways and with many persons, exercised the privileges thereby conferred, and received the benefits. Credit was given to her by reason of her having been made a *feme sole*, and the fact that she was the owner of property.

The evidence is conflicting as to whether she executed the notes to the appellees as a joint obligor with her husband or only as a surety. It matters not, however, whether she did so in the one or the other character. When she was made a *feme sole* all of the rights enumerated in the statute were given to her. She became in law, as to them and the consequent liability, a single woman. She could then bind herself in all respects as if she were unmarried; could enter into the contract of suretyship as well as any other; and, even if she signed the Harrison notes as a surety merely, yet she is personally liable. (Hart v. Grigsby, 14 Bush, 542.)

It is urged, however, that she, as surety, signed the $2,000 Harrison note some time after the loan of the money, and that there was, therefore, no consideration

for its execution by her.  It is evident, however, that the contract of borrowing was not to be complete until the execution of the note by the appellant.  It is true the money had been previously handed to her husband, but it was upon condition that the appellant was to sign the note for the loan, and not until then was the contract to be executed.  It was all one transaction.  No new or distinct consideration was therefore needful.

The appellee, Mrs. Harrison, acted throughout in good faith.  All of the equities are upon her side.  The husband of the appellant is her brother.  She was a widow, and relied upon him for brotherly counsel and advice. A brother's affection, which should have prompted him to entire and absolute fair dealing with her, was allowed to cringe to his own purposes.  She was promised a mortgage upon the wife's land to secure her in the loan.  It was not given, however, he representing to her that the note of himself and wife amply secured her.  Promises made by him to her were not complied with, and advantage was taken of her.  The appellant, as well as Mrs. Harrison, knew he was insolvent.  Evidently Mrs. Harrison relied upon the security furnished, by the wife's name being to the paper, for payment.  She knew that she had been made a *feme sole,* and the appellant evidently knew that she was looking to her and her property for payment.

The judgment can not fairly be regarded as adjudging Mrs. Harrison a lien upon the appellant's land for the payment of her debts, but rather as directing its sale for the payment of the purchase money and mortgage liens thereon of the other appellees, and which are undisputed,,

and that she be paid out of any proceeds remaining. But whether its language has the one import or the other is immaterial. The land had to be sold to pay the liens; and while Mrs. Harrison's claims were not also liens, yet subject to the liens, it was liable to her debts, because it belonged to the appellant. She is not, therefore, in an attitude to complain, and no one else is doing so.

Judgment affirmed.