Azbill v. Azbill.

---

CASE 30—PETITION EQUITY—OCTOBER 22.

## Azbill v. Azbill.

APPEAL FROM CLARK CIRCUIT COURT.

RIGHT OF MARRIED WOMAN TO DECREE EMPOWERING HER TO TRADE
IN HER OWN NAME.—A married woman is entitled, notwithstand-
ing the objection of her husband, to a decree conferring upon her the
powers of a single woman, as provided in section 6, article 2, chapter
52, General Statutes, if it appear necessary for her proper support,
or if for any cause the husband fails or refuses to support and protect
her, provided she has estate of her own and is competent to manage
her own buisness. The court must, however, be satisfied, before ren-
dering judgment, that the application is not made with intent to
cheat, hinder or delay the husband's creditors, and that his creditors
will not be injured.

In this case the fact that the plaintiff and her husband, who is made
a defendant, have been living apart for the last two years, after living
together eighteen or twenty years, and that she is now out of her own
estate and by her own exertions supporting herself, is sufficient to au-
thorize the relief sought, notwithstanding objection by· her husband.

And the fact that no creditor of the husband appears to object to rendition of the judgment, although the required notice has been duly published, and that it is not stated by the husband, and does not otherwise appear, that his creditors will be at all prejudiced by the judgment, or that he has any creditors, is sufficient to satisfy the court that the husband's creditors were not intended to be and will not be injured.

HAGGARD & BENTON FOR APPELLANT.

The courts can not empower a married woman to trade as a *feme sole* if the husband objects. If his objections are not to be heard when he is made a defendant there is no reason for the requirement that he shall be made a party. (Gen. Stats., chap. 52, art. 2, secs. 5 and 6.)

W. M. BECKNER FOR APPELLEE.

In giving a married woman the power enumerated in section 6 of article 2, chapter 52, General Statutes, the court is not bound to regard any objections save those of creditors of the husband when it believes that the proceeding is to defraud them. The husband has no right to object. (Moran v. Moran, 12 Bush, 302; Franklin, *ex parte*, 79 Ky., 497.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee, wife of appellant, brought this action, he being made defendant, for judgment empowering her to use, enjoy, sell and convey, for her own benefit, any property she may own or acquire free from the claim or debts of her husband; and to make contracts, sue and be sued as a single woman, and to trade in her own name, and dispose of her property by will or deed, as provided in section 6, article 2, chapter 52, General Statutes, all which powers were granted by the judgment appealed from.

The cause set up in the petition for the action is that she is owner of a tract of land devised to her and some personal estate always controlled by her and kept separate from the property of her husband, and that they are, and have for two years been, living separate and apart. She states she owes no debts of any kind, and the judgment is not sought with intent to cheat, hinder or defraud

creditors of her husband, and they will not be injured thereby.

The notice required by statute in such cases was duly published, and her petition is supported by an affidavit in substance, the parties have been married eighteen or twenty years, have no children, and not only been living apart, but she has brought suit for divorce, which was, however, not granted. It is further shown the plaintiff now lives on her own land and is competent to manage her own affairs.

The fact the wife is authorized by the statute to alone file such petition and obtain the relief, her husband being made a party thereto, shows that the Legislature had in contemplation a state of case where discord and separation would exist, the husband would oppose such relief being granted, and where his property interests might thereby be affected. But where it is made to appear the wife has estate of her own and is competent to manage her own business, it is not the policy of the law to deny the full enjoyment of the first, nor right to do the other, if it appear necessary for her proper support, or if for any cause the husband fails or refuses to support and protect her. It is not distinctly alleged or proved in this case that the husband has abandoned the wife without making sufficient provision for her maintenance, but the fact of their being apart for the last two years, after living together for such great length of time, and of her being now of her own means and by her own exertions supporting herself, makes a state of affairs that, according to the reason of the statute, authorizes the relief sought, notwithstanding objection by the husband.

However, the statute requires the court in such case

to be satisfied before rendering the judgment that the application is not made by either husband or wife with intent to cheat, hinder or delay creditors of the husband, and that his creditors will not be injured. And as a precaution against any possible injury or prejudice being done to them, the court is denied jurisdiction to grant any such relief until notice of the filing of the petition and object thereof shall be published at least ten days in a newspaper designated by the court or clerk in vacation. It is not stated by the husband in this case, nor does it otherwise appear, that his creditors will be at all prejudiced by the judgment, or that he has any creditors. And as no one of his creditors appeared to object to rendition of the judgment, although the notice required was duly published, it is not the province of this court to say there was not sufficient before the lower court to satisfy it the husband's creditors were not intended to be and will not be injured.

In the case of Moran v. Moran, 12 Bush, 301, the application of the wife was denied upon the principal ground it did not appear she had any estate of her own, or any trade or vocation in the pursuit of which she could engage, but such application was based upon the insolvency of her husband alone. But when, as held in Franklin *ex parte*, 79 Ky., 497, the wife shows her ownership of property and capacity to manage it for her support, and there is no evidence of her application having been made to cheat, hinder and delay the creditors, the relief should be adjudged if the other conditions of the statute exist.

When the probable effect of granting such privilege to the wife will be to make her the holder of property or

money acquired by the skill or exertions of her insolvent husband, and thereby cheat and defraud his creditors, as might be in such case as Moran v. Moran, it would be contrary to the meaning and reason of the statute to grant it. But it does not appear in this case the husband is insolvent, nor that the probable effect of the judgment would be to defraud or any way affect his condition, or that such result is intended by her.

We think this case gives jurisdiction and authority to the court to render the judgment, and it is affirmed.